# EXHIBIT A
## State Court Pleadings

FILED IN OFFICE - YS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**24-A-10916-9**
**12/6/2024 5:41 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Tracy Harris**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____ 24-A-10916-9

VS.

**TransUnion LLC**
_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Trans Union LLC
555 West Adams Street,
Chicago, IL, 60661-3719, USA**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **12th** day of **December**, 20**24**.

9th day of December, 2024

Tiana P. Garner
Clerk of Superior Court

_Yvonne Scott_

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - YS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**24-A-10916-9**
**12/6/2024 5:41 PM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TRACY HARRIS,

   *Plaintiff,*

v.

TRANSUNION, LLC,

   *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION FILE NO.:**

24-A-10916-9

---

## COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

---

**COMES NOW Plaintiff, Tracy Harris,** pro se, and files this Complaint against Defendant, **TransUnion, LLC** ("Defendant"), alleging multiple violations of the Fair Credit Reporting Act ("FCRA"), **15 U.S.C. §§ 1681 et seq.**, and alleges as follows:

# I. PARTIES

1. **Plaintiff** is a natural person residing in Gwinnett County, Georgia, and is a "consumer" as defined by **15 U.S.C. § 1681a(c)**. Plaintiff is entitled to bring this action under the FCRA as a consumer whose credit information is maintained by Defendant and whose rights under the FCRA have been violated.

1

2. **Defendant**, TransUnion, LLC, is a nationwide consumer reporting agency as defined by **15 U.S.C. § 1681a(f)**. Defendant is regularly engaged in the business of assembling, evaluating, and furnishing consumer credit information for the purpose of preparing consumer reports that are provided to third parties for permissible purposes as defined under **15 U.S.C. § 1681b**.

3. Defendant conducts substantial business operations in the State of Georgia and within Gwinnett County. Defendant's consumer reporting activities include the collection, processing, and dissemination of consumer credit data concerning residents of Georgia.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to **O.C.G.A. § 9-10-91** and the provisions of the FCRA, **15 U.S.C. §§ 1681 et seq.**, as the claims arise under federal law, and Defendant's actions have caused harm to Plaintiff, a Georgia resident.

6. Venue is proper in Gwinnett County pursuant to **O.C.G.A. § 14-2-510(b)** because the Defendant regularly transacts business in Gwinnett County, and the events giving rise to Plaintiff's claims occurred in this jurisdiction.

## III. FACTUAL ALLEGATIONS

2

7. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

8. Plaintiff maintains a consumer credit file with Defendant, which regularly collects and disseminates consumer credit information to third parties, including financial institutions, employers, and other entities, for permissible purposes under **15 U.S.C. § 1681b**.

9. On or about **November 25, 2024**, Plaintiff submitted a formal dispute to Defendant, pursuant to **15 U.S.C. § 1681i(a)(1)(A)**, concerning the accuracy of information contained in Plaintiff's consumer credit file.

10. The dispute related to three accounts furnished by American Express, which Plaintiff contended contained materially inaccurate and incomplete information. The disputed accounts (hereinafter the "Disputed Accounts") were reported as follows:

- **Account Ending in 3758**: Opened June 1, 2022; Balance $4,340; Past Due $876; Status: In Collection.

- **Account Ending in 3517**: Opened April 7, 2022; Balance $12,146; Past Due $1,965; Status: In Collection.

- **Account Ending in 2620**: Opened February 9, 2022; Balance $9,071; Past Due $1,138; Status: In Collection.

3

11. Plaintiff's dispute identified material inaccuracies in the Disputed Accounts, specifically the omission of payment history reflecting consistent and timely payments made by Plaintiff from the accounts' inception in 2022 through most of 2024.

12. Defendant acknowledged receipt of Plaintiff's dispute and, pursuant to **15 U.S.C. § 1681i(a)(2)**, forwarded the dispute to the furnisher of the Disputed Accounts, American Express.

13. On or about **December 4, 2024**, Defendant concluded its reinvestigation and determined that the disputed information was "verified as accurate."

14. Despite Plaintiff's submission of evidence demonstrating the inaccuracy and incompleteness of the reported information, Defendant failed to correct, delete, or modify the disputed information in Plaintiff's credit file.

15. Defendant continues to disseminate incomplete and misleading credit reports concerning Plaintiff to third parties, in violation of its obligations under the FCRA.

16. Defendant's actions and omissions have caused substantial harm to Plaintiff, including but not limited to economic loss, reputational damage, and emotional distress.

4

# IV. CAUSES OF ACTION

## COUNT I: FAILURE TO ENSURE MAXIMUM POSSIBLE ACCURACY

### *(Violation of 15 U.S.C. § 1681e(b))*

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Under **15 U.S.C. § 1681e(b)**, Defendant is required to adopt and follow reasonable procedures to ensure maximum possible accuracy of the information contained in consumer reports it prepares and furnishes to third parties.

19. Defendant violated **§ 1681e(b)** by:

- Failing to adopt or implement procedures to verify the accuracy and completeness of the information reported by the furnisher, specifically the omission of Plaintiff's payment history.

- Allowing incomplete and materially misleading information to persist in Plaintiff's consumer credit file and consumer reports.

- Disseminating inaccurate and incomplete consumer reports to third parties, which misrepresented Plaintiff's creditworthiness.

5

20. Defendant's failure to ensure the maximum possible accuracy of Plaintiff's consumer reports has caused Plaintiff harm, including adverse credit decisions, reputational damage, and emotional distress.

## COUNT II: FAILURE TO CONDUCT A REASONABLE REINVESTIGATION

*(Violation of 15 U.S.C. § 1681i(a)(1)(A))*

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Under **15 U.S.C. § 1681i(a)(1)(A)**, Defendant is required to conduct a reasonable reinvestigation when a consumer disputes the accuracy or completeness of information contained in their credit file.

23. Defendant violated **§ 1681i(a)(1)(A)** by:

- Conducting a perfunctory reinvestigation that failed to address the omissions in Plaintiff's payment history.

- Relying solely on the furnisher's verification without independently evaluating the evidence provided by Plaintiff or ensuring the completeness of the reported information.

6

- Failing to delete, correct, or modify the incomplete and misleading information after concluding the reinvestigation.

24. Defendant's unreasonable reinvestigation has caused Plaintiff to suffer harm, including continued dissemination of inaccurate credit reports and the resulting economic and emotional damages.

# COUNT III: FAILURE TO PROVIDE COMPLETE CONSUMER FILE INFORMATION

*(Violation of 15 U.S.C. § 1681g(a)(1))*

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Under **15 U.S.C. § 1681g(a)(1)**, Defendant is required to provide consumers with a complete and accurate disclosure of all information in their credit file upon request.

27. Defendant violated **§ 1681g(a)(1)** by failing to disclose complete consumer file information, including the omission of payment history for the Disputed Accounts.

28. Defendant's failure deprived Plaintiff of the ability to fully evaluate and address inaccuracies in the reported information.

7

# COUNT IV: FAILURE TO DELETE INCOMPLETE

# INFORMATION

*(Violation of 15 U.S.C. § 1681s-2(b))*

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Under **15 U.S.C. § 1681s-2(b)**, Defendant has a duty to delete or modify incomplete or inaccurate information after receiving notice of a dispute.

31. Defendant violated **§ 1681s-2(b)** by failing to update, correct, or delete incomplete and misleading information, including omissions in the payment history for the Disputed Accounts.

32. Defendant's actions were willful, reckless, and in disregard of Plaintiff's statutory rights under the FCRA.

# COUNT V: WILLFUL AND NEGLIGENT NONCOMPLIANCE

*(Violations of 15 U.S.C. §§ 1681n and 1681o)*

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

8

34. Defendant's actions and omissions constitute willful noncompliance with the FCRA, including violations of **15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A),** and **1681g(a)(1).**

35. In the alternative, Defendant's actions and omissions constitute negligent noncompliance with the FCRA under **15 U.S.C. § 1681o(a).**

36. As a direct and proximate result of Defendant's violations, Plaintiff has suffered damages, including economic losses, reputational harm, and emotional distress.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment in Plaintiff's favor and the following relief:

1. **Statutory Damages:** Up to $1,000 per violation under **15 U.S.C. § 1681n(a)(1)(A).**

2. **Actual Damages:** For harm caused by Defendant's negligent noncompliance under **15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).**

3. **Punitive Damages:** For willful noncompliance under **15 U.S.C. § 1681n(a)(2).**

9

4. **Attorney's Fees and Costs:** Recoverable under **15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).**

5. Any additional relief this Court deems just and proper.

Respectfully submitted this 12/06/2024.

**Tracy Harris**
117 Flanders Way
Lawrenceville, GA 30046
(334) 318-8807
htracy58@gmail.com

*Plaintiff, Pro Se*

10