**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Tracy Harris,

Plaintiff,

Case No. 1:25-cv-192-MLB

v.

TransUnion, LLC,

Defendant.

________________________________/

**ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation ("R&R") (Dkt. 15). The R&R recommends granting Defendant's motion for judgment on the pleadings (Dkt. 8), denying Plaintiff's motion for leave to file an amended complaint (Dkt. 11), and allowing Plaintiff to file a new motion to amend his complaint within 14 days. No one objects to the R&R.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). But many district

courts still do conduct a limited review of unobjected-to portions of an R&R, typically for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983 Addition) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Even assuming that review is necessary here, the Court sees no clear error in the Magistrate Judge's conclusions. So the Court adopts the R&R.

The Court **ADOPTS** the Magistrate Judge's Non-Final Report and Recommendation (Dkt. 15), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Dkt. 8), and **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 11). Plaintiff may file a new motion to amend his complaint—in accordance with the Magistrate Judge's instructions (Dkts. 15; 19)—no later than 14 days after the entry date of this Order. If Plaintiff does not file a new motion to amend within the time permitted—and, to be clear, he should not do so unless he reasonably believes his claims are legally and factually viable (*see* Dkt. 15 at 31 n.6)—the Court will likely enter judgment and close the case.[1]

---

[1] If Plaintiff does file a new motion to amend his complaint within the 14-day period, the parties' briefing should address whether the motion is

**SO ORDERED** this 30th day of July, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

subject to Rule 16(b)'s "good cause" requirement—given the scheduling order in this case—and, if so, whether that standard is met here. *See* Fed. R. Civ. P. 16(b); *Hix v. Acrisure Holdings, Inc.*, 2022 WL 17538687 (N.D. Ga. Dec. 8, 2022); (Dkts. 5; 6). The parties should also address whether Plaintiff's proposed amendment is appropriate in the light of other applicable law (including Rule 15) and the Magistrate Judge's prior findings and instructions (Dkts. 15; 19).