FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2025

KEVIN P WEIMER, Clerk
By: Deputy Clerk
Matthew H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TRACY HARRIS,** | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO. 1:25-cv-00192-MLB JKL** |
| v. | ) | |
| **TRANSUNION, LLC.,** | ) | |
| Defendant. | ) | |

## REPLEADED COMPLAINT PURSUANT TO COURT ORDER (15 U.S.C. § 1681g CLAIM ONLY)

**COMES NOW** Plaintiff, Tracy Harris ("Plaintiff"), proceeding pro se, and pursuant to the Court's October 20, 2025 Order, files this Repleaded Complaint against Defendant TransUnion, LLC ("TransUnion"), limited solely to his claim under 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act ("FCRA"), and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681–1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiffs note, the disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

5. Under the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. § 1681, a **credit file** (often referred to as a "consumer file") encompasses information maintained by a consumer reporting agency (CRA) about a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. This information is used or expected to be used for purposes such as evaluating eligibility for credit, employment, insurance, or other permissible purposes. Here's a breakdown of what typically encompasses a credit file pursuant to the FCRA:

   a. Identifying Information:

      i. Name (current and former names or aliases);

      ii. Current and previous addresses;

      iii. Social Security Number;

      iv. Date of birth; and

      v. Phone numbers associated with the consumer.

   b. Credit Account Information:

      i. Details of credit accounts, such as credit cards, mortgages, auto loans, and other debts;

      ii. Account status (open, closed, current, delinquent, etc.);

      iii. Credit limits or loan amounts;

iv. Payment history, including on-time payments, late payments, or defaults; and

v. Balances owed on accounts.

c. Public Records:

i. Bankruptcies, foreclosures, liens, or judgments; and

ii. Other legal actions that may impact creditworthiness.

d. Collection Accounts:

i. Information about accounts that have been sent to collection agencies due to non-payment.

e. Inquiries:

i. Records of entities (e.g., lenders, employers) that have accessed the consumer's credit file;

ii. Distinction between "hard inquiries" (e.g., applying for credit) and "soft inquiries" (e.g., pre-qualification checks or account reviews).

f. Other Relevant Information

i. Employment history (in some cases, if provided by the consumer or furnishers); and

ii. Any consumer statements or disputes filed regarding inaccuracies in the credit file.

6. Transunion violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to ensure the accuracy and completeness of trended data in Plaintiff's consumer credit report, failing to disclose all information contained in Plaintiff's file upon request, and failing to conduct a reasonable reinvestigation of disputed inaccurate trended data.

7. Trended data, as defined by TransUnion, includes historical payment and balance information reported over a 30-month period—such as balance amounts, original loan or credit limits, scheduled payment amounts, actual payment amounts, and dates of last payments. This type of data is critical for lenders because it reflects a consumer's credit behavior over time, rather than offering a static snapshot like traditional credit data. *See Transunion Website (https://newsroom.transunion.com/fannie-mae/) (Last visited 07/31/2025)*

8. TransUnion, as a consumer reporting agency ("CRA"), has a statutory duty under 15 U.S.C. § 1681g(a)(1), to disclose all information in a consumer's file upon request.

9. TransUnion's failure to disclose all information in Plaintiff's file have caused significant harm to Plaintiff's creditworthiness, resulting in both economic and non-economic damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

11. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

12. Plaintiff Tracy Harris is a natural person and resident of the State of Georgia. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

13. Defendant TransUnion, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

14. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), and it furnishes consumer reports to third parties for monetary compensation.

15. Upon information and belief, TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as

defined by 15 U.S.C. § 1681a(p). TransUnion is regularly engaged in compiling and maintaining such files for the purpose of furnishing consumer reports to third parties that reflect a consumer's creditworthiness, credit standing, or credit capacity.

## FACTS OF THE COMPLAINT

### Plaintiff's May 2025 Consumer Disclosure

16. In or around May 2025, Plaintiff requested a complete copy of his consumer file from Defendant pursuant to15 U.S.C. § 1681g(a)(1).

17. Plaintiff initially attempted to obtain his disclosure through annualcreditreport.com but was unable to do so and therefore submitted his request directly through Defendant's counsel.

18. Upon information and belief, Defendant TransUnion intentionally or negligently restricted Plaintiff's access to his consumer file through annualcreditreport.com. ***See Exhibit A***

19. Defendant's failure to provide Plaintiff with a copy of his consumer file in response to his initial request constitutes an independent violation of 15 U.S.C. § 1681g(a)(1).

20. As a result, Plaintiff was compelled to request his full file through Defendant's attorneys in this matter.

21. Defendant's attorneys subsequently provided Plaintiff with an electronic copy of his consumer disclosure.

**Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History**

22. The consumer disclosure that Defendant provided omitted or misrepresented critical information contained in Plaintiff's file, including incomplete account numbers, truncated payment history, and inaccurate account details for multiple tradelines.

23. Specifically, the May 2025 disclosure shows the following incomplete or inaccurate items of information:

a. **American Express #3499 9297 3517 **** **:** Account number truncated; September–October 2024 balances, scheduled payments, amounts paid, past-due fields, and remarks incomplete; and payment history from April 2022 through September 2024 missing.

b. **American Express #3499 9295 2620 **** **:** Account number truncated; October 2024 scheduled payment, amount paid, past-due amount, and remarks incomplete; and payment history from February 2022 through October 2024 missing.

c. **American Express #3499 9299 3758 **** **:** Account number truncated; October 2024 scheduled payment, amount paid, and past-due fields incomplete; and payment history from June 2022 through October 2024 missing.

d. **Guardian Credit Union #1000000119453 **** ****: Account number truncated; balance, status, account type, past-due, remarks, and loan type fields incomplete; trended data and payment history from July 2020 through May 2025 missing.

e. **Department of Education / Nelnet #90000056187 **** ****: Account number truncated; April–October 2022 balances, scheduled payments, amounts paid, and past-due information incomplete; May–June 2024 balances, scheduled payments, and past-due information incomplete.

24. In addition to the incomplete account information described above, the May 2025 disclosure also lists multiple "inquiries" without identifying the *permissible purpose* for which those entities accessed Plaintiff's consumer file.

25. Specifically, the disclosure fails to state the permissible purpose for inquiries from CREDCO, Capital One Bank (USA) N.A., American Express, Discover Bank, JPMCB Card Services, Navy Federal Credit Union, Guardian Credit Union, TransUnion Rental Screening Solutions, Innovis Data Solutions,

Experian Information Solutions, Equifax Information Services, Self Financial Inc., and Delta Community Credit Union.

26. The omission of this information renders the disclosure *incomplete* and violates 15 U.S.C. § 1681g(a)(1), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, including the purpose for which each entity obtained the consumer's report under § 1681b.

27. This information was contained within TransUnion's file regarding Plaintiff at the time of his request.

28. When TransUnion produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

29. TransUnion demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

30. TransUnion breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his file.

31. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

32. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to TransUnion, and this information was part of TransUnion's file on Plaintiff at the time he requested his consumer disclosure.

33. Due to widespread systemic issues, TransUnion's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

34. TransUnion is aware of this issue but has failed to take any meaningful steps to correct it.

35. TransUnion's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2443126, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account

number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

36. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

37. The lack of accurate and complete account numbers caused Mr. Harris significant frustration and emotional distress as he attempted to understand his credit report and reconcile it with his own records.

38. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file".

39. TransUnion's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

40. Upon information and belief, TransUnion disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

41. TransUnion's errors has therefore likely affected thousands of consumers.

42. TransUnion has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

43. TransUnion's knowing and repeated conduct warrants an award of punitive damages.

44. TransUnion's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

45. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

46. TransUnion's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

47. As direct and proximate result of Defendant willful and negligent violations of the FCRA, Plaintiff has suffered actual damages, including but not limited

to severe emotional distress, loss of sleep, and mental anguish caused by Defendant's continued failure to correct inaccurate and incomplete information on Plaintiff's credit report. Plaintiff has also experienced economic harm and damage to Plaintiff's creditworthiness, leading to financial instability.

**COUNT II**
**VIOLATION OF THE FCRA**
**15 U.S.C § 1681g**

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Pursuant to 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request.

50. Defendant TransUnion violated § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in Plaintiff's consumer file. Specifically, Defendant's May 2025 disclosure omitted material information, including:

a. incomplete account data such as truncated account numbers, missing payment histories, and omitted balance fields; and

b. incomplete inquiry data by failing to identify the permissible purpose for multiple entities that accessed Plaintiff's file.

51. Defendant's omissions prevented Plaintiff from understanding what information was contained in his file and from identifying the entities that accessed his report, thereby depriving him of his statutory right to a full and complete file disclosure.

52. Defendant conduct was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA;

B. Actual Damages;

C. Statutory damages;

D. Costs and fees pursuant to 15 U.S.C. § 1681n and 1681o;

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Tracy Harris**

**117 Flanders Way**
**Lawrenceville, GA 30046**
**htracy58@gmail.com**
**(334) 318-8807**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of October, 2025, I filed the foregoing Repleaded Complaint with the Clerk of the Court, which will automatically send notice of such filing to counsel of record for Defendant TransUnion, LLC using the CM/ECF System.

Respectfully submitted,

**Tracy Harris**

Pick the reports you want

Review your reports online

**Get your next report or finish**
Repeat these steps for each credit report

Have questi
Contact

# EXHIBIT A

Union

FAQ

## ⚠ Unable to Complete Your Request Online

Unfortunately, your request cannot be fulfilled online at this time.

Please request your report using one of the other options below.

### Other ways to get your credit report:

#### Request by Mail

To request your free Annual credit report by mail download the request form

**Download Form**

#### Request by Phone

To request your free Annual credit report by phone, please call (877) 322-8228

**Call (877) 322-8228**